UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 13-20144

v.

Honorable Nancy G. Edmunds

ROGER D. HINSON,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [25] AND DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL [33]**

Defendant Roger D. Hinson is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Milan, Michigan. The matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 25.) The government opposes the motion. (ECF Nos. 30, 31.) Defendant also moves for the appointment of counsel. (ECF No. 33.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motions.

**I.**    **Background**

On September 9, 2013, Defendant pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1) and one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count 2). (ECF No. 20.) As set forth in the Rule 11 plea agreement, Defendant's guideline range was 210 to 262 months, but the parties agreed to a sentence of 324 months. On December 16, 2013, the Court sentenced Defendant to be imprisoned for a term of 240 months as to Count 1

1

and 324 months as to Count 2, to be served concurrently. (ECF NO. 23.) Defendant's projected release date is January 13, 2036.

In December 2020, Defendant submitted an administrative request for his release to the warden. (ECF No. 30-3.) That request was denied in January 2021. (*Id.*) Defendant later submitted a request for reconsideration, which was also denied. (*Id.*) Defendant now moves this Court for compassionate release. He states he experienced COVID-19 symptoms, including flu-like symptoms along with the loss of his senses of taste and smell, in April 2020 but was not provided treatment because he did not have a fever. Defendant also makes general assertions regarding the conditions of his confinement and the alleged inadequacy of the BOP's handling of the virus.

Defendant is 64 years old and has serious health conditions, including obesity, atrial fibrillation, chronic kidney disease, and hypertension. (ECF No. 31-1, filed under seal.) He was hospitalized twice in February 2021 for his heart issues and shortness of breath. Since then, his medications have been adjusted and his health is being monitored. Defendant is fully vaccinated against COVID-19, having received his second dose of the Moderna vaccine on April 27, 2021.

## II. Motion for Compassionate Release

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at

1105. Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the discretion to define "extraordinary and compelling." *Id.* at 519-20.

The government concedes Defendant has satisfied the exhaustion requirement in this case. The government argues, however, that Defendant's serious health conditions, despite placing him at an increased risk for severe illness or death from COVID-19, no longer present an extraordinary and compelling reason for his release because he has been fully vaccinated.[1] The government further argues that the § 3553(a) sentencing factors weigh against compassionate release.

Considering that Defendant has been fully vaccinated, the Court agrees the risks Defendant currently faces as a result of the COVID-19 virus do not constitute extraordinary and compelling reasons warranting his release. *See United States v. Cohen*, No. 09-20326, 2021 U.S. Dist. LEXIS 77118, at *4 (E.D. Mich. Apr. 22, 2021)

---

[1] The government notes that the allegations Defendant makes about the conditions of his confinement are more appropriately raised in a civil rights action claiming violations of the Eighth Amendment. The Court agrees. But even if those conditions are considered here, the Court does not find them to be extraordinary and compelling.

(indicating this Court "agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic"). But even if Defendant could otherwise show extraordinary and compelling reasons, the Court would not grant him the relief he seeks.

Under § 3582(c)(1)(A), the Court must consider the sentencing factors set forth in § 3553(a) to the extent that they are applicable. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentence disparities. *See* § 3553(a).

Here, the nature and circumstances of the underlying offenses are egregious. Defendant not only possessed and distributed child pornography, but he also produced child pornography by sexually abusing a child. (*See* ECF No. 20, PgID 50.) At the time of sentencing, the Court considered the relevant sentencing factors and found a sentence of 324 months appropriate. Defendant has only served a fraction of that sentence thus far. The approximately 102 months Defendant has served are insufficient to promote respect for the law, provide just punishment for the offense, deter others from committing similar crimes, and protect the public. The government also notes Defendant had a disciplinary incident in which he was found with a homemade knife. (ECF No. 30-2.) And during his last program review in January 2021, it was noted he had not completed any courses since his previous review and had no intention of taking any courses or obtaining employment. (ECF No. 30-4.) In sum, Defendant's health conditions do not tip the

balance of the sentencing factors in favor of release. Thus, Defendant's motion for compassionate release is denied.

III. **Motion to Appoint Counsel**

Defendant also moves for the appointment of counsel to assist with his motion for a sentence reduction. The Sixth Circuit Court of Appeals recently held, however, consistent with all other court of appeals which have addressed this issue, there is no constitutional or statutory right to appointed counsel in § 3582(c) proceedings. *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). And the Court does not find this to be an appropriate case in which to exercise its discretion to appoint counsel. The legal and factual issues are not particularly complex, and the Court has before it all the information needed to consider Defendant's request for compassionate release. Accordingly, Defendant's motion to appoint counsel is denied.

IV. **Conclusion**

For the foregoing reasons, Defendant's motions are DENIED.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: June 2, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager