UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER D. HINSON,

    Defendant.
_____/

Case No. 13-20144

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR A REDUCTION IN SENTENCE [35]**

Defendant Roger D. Hinson is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Correctional Institution Butner Low. The matter is before the Court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 35.) The government opposes the motion. (ECF Nos. 37, 39.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

On September 9, 2013, Defendant pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1) and one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count 2). (ECF No. 20.) As set forth in the Rule 11 plea agreement, Defendant's guideline range was 210 to 262 months, but the parties agreed to a sentence of 324 months. On December 16, 2013, the Court sentenced Defendant to be imprisoned for a term of 240 months as to Count 1 and 324 months as to Count 2, to be served concurrently. (ECF No. 23.) Defendant's projected release date is January 13, 2036.

## II. Legal Standard

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's administrative process or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting relief, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The relevant policy statement, U.S.S.G. § 1B1.13, was amended in November 2023 and now applies to motions filed directly by defendants.

## III. Analysis

This is not the first time Defendant has invoked § 3582(c)(1)(A). In 2021, Defendant brought his first motion for compassionate release, relying on the health risks associated with the COVID-19 virus. At the time, courts had the full discretion to define extraordinary and compelling reasons. (*See* ECF No. 34, PageID.206 (citing *Elias*, 984 F.3d at 519-20).) The Court found that the health risks Defendant faced did not rise to that level given the fact that he had been fully vaccinated. (*Id.* at PageID.206.) The Court also found that the sentencing factors set forth in § 3553(a) did not support his release. (*Id.* at PageID.207-08.)

Defendant now seeks compassionate release once again.[1] He cites to the recently amended policy statement to argue that he is serving an "unusually long sentence" as set forth in § 1B1.13(b)(6). He also argues that his medical conditions, which include non-small cell lung cancer, constitute extraordinary and compelling reasons under § 1B1.13(b)(1). With regard to the former, the government argues that there is no change in the law that would place this case within the ambit of § 1B1.13(b)(6). With regard to the latter, the government has submitted medical records showing that Defendant has been receiving treatment for his health conditions and that his care level was recently downgraded by the BOP from a four to a three, which indicates he has improved. (*See* ECF No. 39, filed under seal.) The government also argues that Defendant cannot meet his burden of establishing that he is not a danger to the safety of others.[2]

The Court need not decide whether there are extraordinary and compelling reasons here, because it finds that the sentencing factors still weigh against a sentence reduction. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Under § 3582(c)(1)(A), the Court must consider the sentencing factors set forth in § 3553(a) to the extent that they are applicable. These factors include the nature and

---

[1] Defendant states that he submitted an administrative request to the warden but did not receive a response within thirty days. The government does not dispute this contention. Thus, the exhaustion requirement is satisfied.

[2] The relevant policy statement provides that a defendant's sentence may be reduced under § 3582(c)(1)(A) only if the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). § 1B1.13(a)(2). The factors found in § 3142(g) are "largely duplicative" of the sentencing factors in § 3553(a). *See United States v. Rountree*, 460 F. Supp. 3d 224, 240 (N.D.N.Y. 2020).

circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentence disparities. *See* § 3553(a).

As the Court noted in its order denying Defendant's previous request for release, the nature and circumstances of the underlying offenses are egregious. Defendant not only possessed and distributed child pornography, but he also produced child pornography by sexually abusing a child. (*See* ECF No. 20, PageID.50.) At the time of sentencing, the Court considered the relevant sentencing factors and found a sentence of 324 months appropriate. Defendant has only served approximately half of that sentence thus far. This is insufficient to promote respect for the law, provide just punishment for the offense, deter others from committing similar crimes, and protect the public. While Defendant's health conditions are serious, they do not tip the balance of factors in favor of release. In sum, the § 3553(a) factors weigh against the relief requested.

## IV. Conclusion

For the reasons above, Defendant's motion for a sentence reduction is DENIED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: January 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2025, by electronic and/or ordinary mail.

                                        s/Marlena Williams
                                        Case Manager